Pittsburgh Cor. Paper Box Co. *v.* Luterman,
Appellant.

Argued April 29, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Morris M. Berger* of *Levy, Crone & Berger,* for appellant.

*William D. Grimes,* for appellee.

OPINION BY TREXLER, P. J., July 8, 1931:

This suit arose out of a collision between motor cars at a street intersection. The plaintiff's employee was driving a Dodge Coupe east on Forbes Street, Pittsburgh, proceeding eastwardly up grade in second gear, going at the rate of fifteen miles per hour and when near the intersection of McDevitt Place and Forbes Street, saw defendant's car, fifteen feet away, coming out of McDevitt Place from the right. Plaintiff, to avoid the collision, swerved to the left and collided with a Packard car coming from the opposite direction, and immediately thereafter, defendant's car struck the plaintiff's. Plaintiff obtained the verdict in the lower court and defendant has appealed, claiming that there should have been a non-suit entered or judgment n. o. v.

Plaintiff's driver stated that as he was going along, a car all of a sudden came out of McDevitt Place, right in front of him and that he naturally tried to get out of the way of the car. McDevitt Place is a street connecting with Forbes Street, but not continuing beyond it, being what is sometimes called a "T" intersection. Plaintiff, as stated, was proceeding up the hill, in second gear, about fifteen miles an hour.

He could not tell whether the car coming out of Mc-Devitt Place was coming slowly or fast, but "it came of a sudden." There were two car tracks on the street and the plaintiff was straddling the first rail on the right. When asked whether he could stop when in second gear and going up a hill, he said, "Yes, you could, but how about the people in back of you."

The learned trial judge in his charge to the jury referred to the plaintiff as one who was confronted by a sudden danger. We do not think that this was a case of sudden emergency or danger. This was a street intersection and it was the duty of the plaintiff's driver to proceed cautiously. There is absolutely no testimony as to the speed at which defendant's car was driven. That the defendant's car came "of a sudden" in connection with the rest of the answer, does not necessarily indicate speed, but merely implies unexpectedness and lack of warning for the plaintiff. When asked whether defendant's car came slowly or fast, he could not answer except that it came "all of a sudden." If two people both approach a crossing, they should both be careful and we cannot hold that where one comes to the intersection and is required to be alert, that the appearance of someone from a side street places him in the position of one who is in peril and is not bound to stop, but may try to pass ahead of the oncoming car. If this were the common rule to govern people under such situations, accidents similar to the one we are considering would be very frequent at street intersections. We all think that the plaintiff was guilty of contributory negligence in not stopping.

The appellee seeks to sustain the judgment arguing that although plaintiff might have stopped his car, his answer, "Yes, you could, but how about the people in back of you," shows he could not. There was no evidence that the stopping of his car going at fifteen

miles per hour up grade would have caused any collision and there is no evidence that there were any cars in the rear.

He argues that as it was not the ordinary intersecting street, plaintiff was not required to apprehend that someone would come out of McDevitt Place. The answer to this is that there is no evidence that such is the case.

The plaintiff also interjects that the defendant's car was running wild without a driver. Perhaps it was, but the printed record before us discloses nothing of the kind.

We may add, if plaintiff saw defendant ahead of him, fifteen feet away, the defendant must have been at the crossing first. The defendant evidently intended to cross to the other side of the street and could have safely accomplished his object if plaintiff had stopped his car. The question of defendant's negligence or the absence of it need not be considered, for if the defendant was negligent, he was no more so than the plaintiff and both being at fault, neither can recover from the other. We all think the court should have entered judgment for the defendant.

The judgment is reversed and is now entered in favor of the defendant.